IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

QUINCY J. PERRY                                                                                          PLAINTIFF
#3023

v.                                              3:22-cv-00291-DPM-JJV

DOE, *et al*.                                                                                          DEFENDANTS

**RECOMMENDED DISPOSITION**

      The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    INTRODUCTION**

      Quincy J. Perry ("Plaintiff") has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that while he was a pretrial detainee in the Poinsett County Detention Center ("PCDC") from September to December 2022, Defendants Patricia Marshall and Regina Hindman subjected him to inhumane conditions of confinement, in violation of the Fourteenth Amendment, when they: (1) used dirty food trays, (2) denied recreation time, (3) locked him in a cell twenty-three hours a day, (4) failed to remove black mold, (5) did not provide adequate cleaning supplies, (6) put padlocks on the cell doors, (7) allowed exposed wires to hang in his cell, (8) failed to provide hot water, and (9) did not fix a broken sprinkler system. (Doc. 6.) All other claims and

Defendants have been previously dismissed without prejudice. (Docs. 14, 17.)

Defendants have filed a Motion for Partial Summary Judgment arguing Plaintiff did not properly exhaust his available administrative remedies regarding claims 1, 2, 4, 8, and 9. (Docs. 23-25.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I recommend: (1) the Motion for Partial Summary Judgment be GRANTED as modified because Plaintiff did not timely and properly exhaust any claims against Defendants Marshall and Hindman, (2) all claims against Defendants Marshall and Hindman be DISMISSED without prejudice, and (3) this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material

will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

### A. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

### B. The PCDC's Exhaustion Procedure

The PCDC has a computerized system for filing grievances. (Docs. 25-1, 25-4.) But detainees may also file written grievances and give them to any jailer or directly to the sheriff if the detainee fears retaliation for using the grievance procedure. (*Id*.) The policy says the

grievance "must clearly describe all facts and all requests," but it does not require that specific individuals be named or that the grievance be filed by a certain deadline. (Doc. 25-4 at 1.) Within ten days the Jail Administrator, or designee, must respond to the grievance in writing, and he or she will do so within forty-eight hours if the matter is deemed an emergency. (Docs. 25-1, 25-4.) Detainees who do not receive a response or are dissatisfied with their response, may appeal to the Sheriff. (*Id.*)

### C.     Plaintiff's Grievances

Defendant Captain Marshall, who is the PCDC custodian of records, says in her sworn affidavit Plaintiff filed twenty-two grievances while he was in the PCDC from September to December 2022. (Doc. 25-1.) Captain Marshall also says Plaintiff did not file any grievances about dirty food trays, inadequate recreation time, a lack of hot water, or a broken sprinkler system. (Doc. 25-1.) My review of the grievances in the record confirms this to be correct. (Doc. 25-3.) And Plaintiff has not offered any contrary evidence. Thus, these conditions of confinement claims have not been exhausted. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the prison "was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit).

Captain Marshall says Plaintiff filed grievances about being locked down for twenty-three hours, no cleaning supplies, padlocked cell doors, and exposed wires. (Doc. 25-1.) That assertion is supported by the record. (Doc. 25-3 at 21-24.) And I also find Plaintiff filed a

grievance about black mold in the showers.[1] However, Plaintiff first grieved these matters on December 5 and 6, 2022, which was <u>after</u> he commenced this lawsuit on November 14, 2022. (Doc. 2; Doc. 25-3 at 21-24.)

Although Defendants do not argue this point, the Eighth Circuit has held that: "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court."[2] *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in the original). And dismissal is mandatory if "exhaustion was not completed at the time of filing." *Id.; see also Booth v. Churner,* 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not complete "at the time of filing"). Although Plaintiff signed his Amended Complaint (Doc. 6) on December 5 and it was docketed on December 8, 2022, the relevant date is when the lawsuit was "commenced," and not when the complaint was subsequently amended. *See, e.g., Tyler v. Kelley*, No. 5:17-cv-00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018) (grievance filed after lawsuit was commenced but before amended complaint was filed was not proper exhaustion); *Kelley v. Davis*, No. 2:22-cv-0034-DPM-ERE, 2022 WL 18359331, at n. 8 (E.D. Ark. Aug. 18, 2022) (same); *Abdulaziz/Askew v. Maples*, No. 1:12-cv-102-DPM-JTK, 2013 WL 6579151, at *5 (E.D. Ark. Dec. 13, 2013) (same). Because Plaintiff first grieved twenty-

---

[1] In the Amended Complaint, Plaintiff says there was mold "in the showers," "inside the cell walls," and "in the vents." (Doc. 6 at 4-5.) But in the grievance, he only mentioned black mold in the showers. (Doc. 25-3 at 21.)

[2] Federal Rule of Civil Procedure 56(f) says a court may grant a motion for summary judgment "on grounds not raised by a party" after "giving notice and a reasonable time to respond." This recommendation is providing the parties with notice and fourteen days to respond by filing objections.

three hour lock down, black mold in the showers, no cleaning supplies, pad-locked cell doors, and exposed wires <u>after</u> he commenced this action on November 14, 2022, these claims are not properly exhausted.

Finally, the only exception to the exhaustion requirement is if administrative remedies were "unavailable" such as when the prison grievance procedure is "so opaque that it becomes . . . incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 42 U.S.C. § 1997e(a); *Ross v. Blake,* 578 U.S. 632, 642-44 (2016); *Townsend v. Murphy,* 898 F.3d 780, 783 (8th Cir. 2018). Plaintiff has not argued or presented any facts suggesting administrative remedies were unavailable to him. To the contrary, the numerous grievances in the record demonstrate administrative remedies were available and often correctly used by Plaintiff. Accordingly, I conclude all of Plaintiff's conditions of confinement claims against Defendants Hindman and Marshall should be dismissed without prejudice.

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendants' Motion for Partial Summary Judgment (Doc. 23) be GRANTED as modified herein, all claims against Defendants Marshall and Hindman be DISMISSED without prejudice, and this case be CLOSED.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE